SAMUEL A. PARKER, General Treasurer, *v.* AMOS C. BARSTOW & others.

The supreme court has no original jurisdiction over an action of debt, brought to recover the penalty imposed by ch. 126, § 22, upon the officers of banks and savings banks, for knowingly demanding and receiving, upon the discount of a note by the bank, a greater rate of interest or discount than six per cent. per annum; exclusive jurisdiction over fines, penalties, and forfeitures, being vested in justices of the peace or in the court of common pleas, according to the amount or value thereof, by ch. 225, § 4, of the Revised Statutes.

DEBT by the plaintiff, as general treasurer of the state, against the defendants, as officers of the Mechanics' Saving Bank in the city of Providence, to recover, to the use of the state, the penalty of $500, alleged to have been forfeited by the defendants for knowingly demanding and receiving, in behalf of said bank, from one James Rothwell, upon the discount of a certain promissory note for $1,500 by said bank, a greater rate of interest or discount than six per cent. per annum, in violation of ch. 126, § 22, of the Revised Statutes. The action was originally brought in this court. Plea, to the jurisdiction of the court, and demurrer.

*B. T. Eames*, and *Tillinghast & Bradley*, in support of the plea, relied upon the express language of ch. 225, § 4, of the Revised Statutes.

*J. B. Kimball, Esq.*, attorney-general, contended, that the supreme court had original jurisdiction, concurrent with the court of common pleas, where the debt or damages laid in the writ amounted to the sum of $100 or upwards; Rev. Stats. ch. 164, § 20; that the section of chapter 225, relied upon by the defendants, was not intended to limit the jurisdiction of the court in this class of cases,—the concluding words of that section referring to section 15, and the following sections, of chapter 225.

AMES, C. J. The purpose of chapter 225 of the Revised Statutes was, to establish an uniform mode of recovering fines, penalties, and forfeitures, which before were to be recovered in modes almost as various as the penalties and forfeitures themselves. The 4th section of the chapter vests exclusive jurisdiction, in proceedings for this purpose, in justices of the peace or in the court of common pleas, according to the amount or value of the fine, penalty, or forfeiture sought to be recovered; and with this construction in relation to this class of criminal, or *quasi* criminal cases, may well stand with ch. 164, § 20, of the Revised Statutes, which defines the civil jurisdiction of this court.

The plea to the jurisdiction must be sustained, and the suit dismissed.